JAMES McWILLIAMS, AS EXECUTOR, &c., OF VALENTINE S. SMITH, DECEASED, RESPONDENT, *v.* JOHN S. MORRELL, APPELLANT.

*Judgment—effect of—when it bars a second action.*

The plaintiff's testator sold to the defendant a bond and mortgage given to secure $1,000, for $900, received $500 in cash, the balance being retained by the defendant to secure the payment of unpaid taxes upon the mortgaged premises. Thereafter, in an action brought by the defendant to foreclose the mortgage the plaintiff's testator answered, claiming to have a prior lien upon the proceeds of the sale, to the extent of the $400; the judgment therein directed that the sum of $600, and interest, should be first paid out of the proceeds to the defendant, and then the sum of $400 to the plaintiff's testator. Upon the sale the premises did not bring enough to pay the amount due to the defendant.

In this action, brought by the plaintiff to recover the balance alleged to be

due upon the sale of the bond and mortgage, *Held*, that the judgment in the foreclosure suit finally settled the rights of all the parties thereto, and that this action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

Ths action was brought to recover $400, with interest, from December 11, 1877. The complaint alleged that the plaintiff's testator, on December 11, 1875, sold and assigned to the defendant a bond and mortgage made by one Leick; that defendant agreed to pay $900 therefor; that he had paid $500, leaving $400 due. The defendant by his answer denied this, and alleged that a loan was made of $500 on on the said bond and mortgage as security, and as a further defense set up a judgment of foreclosure in the County Court, as an estoppel.

On the trial it was proved that the bond and mortgage were sold and assigned, and that the defendant agreed to pay $900 therefor; that he paid $500 on account, and held back $400 to meet taxes. The defendant subsequently paid for taxes $171.72; this, deducted from $400, left $238.28, which, with the interest agreed upon, made $295.55, and for this amount a verdict was directed.

*F. E. Dana*, for the appellant.

*Daniel T. Walden*, for the respondent.

BARNARD, P. J. :

The facts proven do not entitle the plaintiff to recover the judgment ordered by the court. The facts are simple and uncontradicted. Plaintiff's testator owned a mortgage for $1,000 ; he transferred it to defendant for an agreed price of $900, and received $500. The remainder was retained to secure payment of unpaid taxes upon the property. The taxes were not paid. Morrell, the defendant, foreclosed, claiming to recover the entire mortgage debt. The plaintiff's intestate answered, averring that the $400 part of the purchase-price of the mortgage was unpaid, and claimed

a prior lien to that extent upon the proceeds of the sale. The court found that there was only due to Morrell, the plaintiff in the foreclosure action, the amount of $600, and that there was due to plaintiff's testator the sum of $400 upon the same mortgage, and that Morrell was to be first paid the amount due him. Provision was made in the decree for a judgment for deficiency, both to plaintiff in the foreclosure suit (the present defendant) as well as for plaintiff's testator against the mortgagor. There was no appeal from this judgment, and the property was sold. It did not bring enough to pay plaintiff's testator, Smith, anything. The judgment finally settled the rights of the parties. The failure to pay the taxes by Smith entitled the defendant to retain the $400 and to hold the mortgage as security for the money advanced. It was equitable and just, under the circumstances, to provide for his payment for that sum first out of the proceeds. The taxes were still unpaid and on the property, and the assignee, Smith, preferred a sale under a decree which should limit the defendant's claim to the amount of the mortgage, less the $400, and which also entitled him, Smith, to the $400 out of the sale-money. It is now too late to change these relations. Morrell bought the property, because his interest in it was limited, and he protected that. The plaintiff cannot now claim that his interest was greater than that established by the judgment to which his testator was a party.

Judgment reversed and new trial granted, costs to abide event.

Gilbert and Dykman, JJ., concurred.

Judgment and order denying new trial reversed, and new trial granted, with costs to abide event.